UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THE SIEGER SUAREZ ARCHITECTURAL
PARTNERSHIP, INC., a Florida corporation

      Plaintiff,

v.

ARQUITECTONICA INTERNATIONAL
CORPORATION, a Florida Corporation, and
REGALIA BEACH DEVELOPERS, LLC, a
Florida limited liability company and GOLDEN
BEACH DEVELOPERS, LLC, a Florida limited
liability company, REGALIA HOLDINGS, LLC
a Florida limited liability company, and PAUL
MURPHY, an individual

      Defendants.

_____/

## COMPLAINT

Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., by and

through its undersigned counsel, files this Complaint against Defendants, ARQUITECTONICA

INTERNATIONAL CORPORATION, a Florida Corporation, REGALIA BEACH

DEVELOPERS, LLC, a Florida limited liability company, GOLDEN BEACH DEVELOPERS,

LLC, a Florida limited liability company, REGALIA HOLDINGS, LLC, a Florida limited

liability company, and PAUL MURPHY, an individual, and alleges as follows:

### Jurisdiction, Parties and Venue

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a) because this is an action for Copyright Infringement under the

Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

1

2.      Venue is proper in this district under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) because Defendant, ARQUITECTONICA INTERNATIONAL CORPORATION ("Arquitectonica"), transacts and solicits business within this district, the events giving rise to the claim occurred in this district, including, but not limited to, that Arquitectonica contracted to perform work for Defendant, REGALIA BEACH DEVELOPERS, LLC, a company located in this district, Arquitectonica sending the infringing architectural drawings to REGALIA BEACH DEVELOPERS, LLC, and possibly other Defendants in this district, and that the infringing architectural drawings are being used for the construction of a condominium building located in this district.

3.      Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC. ("Sieger Suarez") is a Florida corporation conducting business in Miami-Dade County, Florida.

4.      Defendant, ARQUITECTONICA INTERNATIONAL CORPORATION is a Florida corporation.  This Court has jurisdiction over Arquitectonica based on its soliciting and conducting business in the State of Florida, specifically, the contract it entered into with REGALIA BEACH DEVELOPERS, LLC ("RBD") and/or its predecessor in name GOLDEN BEACH DEVELOPERS, LLC ("GBD"), to prepare the architectural drawings at issue in this case, and Arquitectonica's sending the architectural drawings to RBD and/or GBD in Florida.

5.      Defendant, REGALIA BEACH DEVELOPERS, LLC is a Florida limited liability company.  This Court has jurisdiction over RBD based on its soliciting and conducting business in the State of Florida, specifically, the contract it and/or its predecessor in name, GBD, entered into with Arquitectonica to prepare the architectural drawings at issue in this case, and its ownership interest in the condominium building at issue being built on real property located in Miami-Dade County, Florida.

2

6.     Defendant, GOLDEN BEACH DEVELOPERS, LLC is a Florida limited liability company.  This Court has jurisdiction over GBD based on its soliciting and conducting business in the State of Florida, specifically, the contract it and/or its successor in name, RBD, entered into with Arquitectonica to prepare the architectural drawings at issue in this case, and its ownership interest in the real property upon which the condominium building at issue is being built, which is located in Miami-Dade County, Florida.

7.     REGALIA HOLDINGS, LLC is a Florida limited liability company and is believed to be one of the developers of the condominium building at issue in this case.  This Court has jurisdiction over REGALIA HOLDINGS, LLC since it is conducting business in Miami-Dade County and is acting as a developer of the condominium at issue in this case.

8.     PAUL MURPHY is an individual believed to be residing in Miami-Dade County, Florida.  PAUL MURPHY is a principal of REGALIA HOLDINGS, LLC and is subject to the jurisdiction of this Court.

### General Allegations

A.     Background of Sieger Suarez

9.     Sieger Suarez is a prominent architectural firm.  The firm was originally started in 1974 by Charles M. Sieger and operated under the name, Charles M. Sieger Architects, Inc.  In 1987, Charles Sieger entered into a partnership with José J. Suarez, who joined the firm in 1980.  The firm subsequently changed its name to The Sieger Suarez Architectural Partnership, Inc.

10.    Sieger Suarez has won numerous awards for its designs and is considered to be one of the most innovative, design-forward, comprehensive, one-stop architectural firms in the Southeast United States.  Such innovation includes its pioneering "floor through/see through unit design", which is one of the most successful design concepts in the high-rise residential market,

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

as well as private elevators, both of which have raised the bar of quality and expectations in luxury high-rise residences in the South Florida area.

11.     Some of the distinctive buildings Sieger Suarez has designed include:

- Pinnacle, Ocean I, II, III, IV, and Hidden Bay in Sunny Isles Beach;

- Murano, Murano Grande and Portofino Tower in South Beach;

- Trump International Sonesta Beach Resort in Sunny Isles;

- St. Regis Bal Harbour;

- Trump Royale and Trump Palace in Sunny Isles;

- ICON South Beach;

- Apogee in South Beach;

- Las Olas Riverhouse in Ft. Lauderdale;

- The Beach Club in Hallandale;

- 50 Biscayne in downtown Miami; and

- Terra Beachside Villas in Miami Beach.

12.     Sieger Suarez has also been recognized for its interior design work for retailers such as SPECS Music and various religious facilities.

13.     Sieger Suarez has also been featured in numerous journals and publications on both the local and national levels.

B.     <u>Sieger Suarez is Retained to Design Regalia</u>

14.     In August 2000, Sieger Suarez was hired by Mori Classics, Inc., and its principals Abraham Cohen ("Cohen") and Jerry Kaufman ("Kaufman") to design the original building for what is now known as Regalia, which is currently being constructed on real property located at 19505 Collins Avenue ("Property"), in the City of Sunny Isles Beach, FL ("City").

15.     In February 2002, Kaufman sent a copy of Sieger Suarez's plans to the City's Building Department.  The name for the Project, Regalia, was also submitted to the City at that time.

16.     A rendering of the proposed building and changes to the plans were made prior to April 2002.  A copy of a rendering of the building designed by Sieger Suarez, a well as plans and designs are attached hereto as Exhibit "A".

17.     In July 2003, the City gave site plan approval for Regalia (also herein "Project"). The approval was challenged by a neighboring resident, but ultimately an agreement was reached to allow the Project to proceed.

18.     Sieger Suarez subsequently designed the sales office for Regalia and the gates at the site.

19.     The sales office was located at 18767 Biscayne Blvd. in the Loehman's Plaza in North Miami Beach.  A model of Sieger Suarez's rendering of the proposed building was placed in the sales center.

20.     In 2003, Sieger Suarez also assisted Kaufman in locating financing for the Project.

21.     In December 2005, Sieger Suarez sent to Mori Classics (Kaufman and Cohen) a cost breakdown (revenue and cost) for the Project.  At that time, Sieger Suarez was promised a portion of the deal since it was also going to be involved in construction and/or construction management for the Project.

22.     At our about this time, and upon information and belief, Avatar Realty, Inc., a company based in Coral Gables, Florida, loaned money to Kaufman and Cohen and became a partner in the Project.

23.     Ultimately, Kaufman brought in a new partner, Paul Murphy ("Murphy"), and Sieger Suarez was subsequently removed from the Project. The sales office was moved and Kaufman/Murphy hired Arquitectonica as the new architect for the Project.

24.     Kaufman requested that Sieger Suarez submit a letter stating the balance owed to it at that time, which was approximately $150,000. The invoice was never paid.

25.     In May 2006, an employee of Sieger Suarez sent a copy of its plans for Regalia to Arquitectonica, including AutoCAD plot files.

26.     Sieger Suarez complied in all respects with 17 U.S.C. §§ 101 *et seq.* in securing the exclusive copyright and privileges in and to the architectural and technical drawings for Regalia.

27.     The copyright for Sieger Suarez's drawings for Regalia was registered with the United States Copyright Office on January 30, 2006 (Registration nos. VAu 703-737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632). A true and accurate copy of the Certificates of Registration are attached hereto as Exhibit "B".

28.     Sieger Suarez has been, and still is, the sole proprietor of all rights, title, and interest in and to the copyrights of the drawings for Regalia.

29.     After 2006, Sieger Suarez had no further involvement with the Regalia Project.

30.     At no time after Sieger Suarez's involvement with Regalia ceased did it grant permission to anyone to utilize its plans and drawings for Regalia.

C.      Sieger Suarez Discovers That Arquitectonica Used its Plans to Complete the Design for Regalia

31.     In 2009, FirstBank, which held the loan on the Property, filed a foreclosure action against then owner of the Property, Regalia, LLC, along with its managing members Kaufman, Murphy, Cohen and Avra J. Jain.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00093411.DOCX }

32.     The Project then sat dormant for over a year until a private lender who held the second mortgage on the Property eventually purchased the Project under the name Regalia Beach Developers, LLC.

33.     GBD and/or RBD then re-engaged Arquitectonica to complete work on the Project.  Construction commenced in November 2011.

34.     Upon information and belief, REGALIA HOLDINGS, LLC, of which Murphy is a member, is one of the developers of the Project.

35.     In or about February 2012, Sieger Suarez learned that construction had finally begun on Regalia and that its copyrighted plans and designs were being used without its permission.

36.     At no time did Sieger Suarez expressly or impliedly authorize Arquitectonica, RBD and/or GBD to copy or derive any portion of its drawings and plans.    A copy of Arquitectonica's rendering of the building and design for a typical condominium unit in the building, which are displayed on its and Regalia's websites, are attached hereto as Exhibit "C".

37.     In violation of Fla. Adm. Code § 61G1-18.002(2), prior to sealing, signing and dating its version of the plans and drawings for Regalia, Arquitectonica failed to notify Sieger Suarez by certified letter of its intention to use Sieger Suarez's drawings and designs.

38.     All conditions precedent to the bringing of this action have been performed, waived or excused or otherwise satisfied.

### COUNT I - COPYRIGHT INFRINGEMENT
#### (Against Arquitectonica)

39.     Sieger Suarez incorporates the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00093411.DOCX }

40.     Sieger Suarez owns a valid copyright for its plans and drawings for Regalia. Copyright registrations were issued on January 30, 2006 (Registration nos. VAu 703-737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632).  *See* Exhibit "B".

41.     17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural and pictorial works.

42.     Sieger Suarez's designs for Regalia were completed prior to Arquitectonica being retained to work on the Project.

43.     Arquitectonica had access to Sieger Suarez's architectural plans for Regalia.  A copy of the plans was sent to a staff member of Arquitectonica in May 2006.  As well, the plans and drawings were contained within the public record as they were submitted to the City several years prior for site plan review.

44.     Arquitectonica copied original elements of Sieger Suarez's plans, design and drawings for Regalia.

45.     Arquitectonica's Regalia design is at least substantially similar, if not strikingly similar, to Sieger Suarez's design, both as to the exterior and interior portions of the building.

46.     Elements of Arquitectonica's Regalia design that are substantially and/or strikingly similar to Sieger Suarez's drawings and design include, but are not limited to, the following:

      a)     the Project is being built on the same site as the building designed by Sieger Suarez;

      b)     one condominium unit per floor;

      c)     the exterior design and proportions;

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

d)   the "H" configuration for how the building would structurally be supported;

e)   floor plans for the units including the locations of bedrooms, bathrooms, dining room, kitchen, family room, great room and closets;

f)   the common areas are located on the same floors;

g)   the use of the roof of the porte cochere;

h)   the library/terraces for the units, which are a unique element of the design;

i)   the approximate overall height of the building;

j)   the approximate height of the ceilings of the units;

47.   Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or to display its copyrighted works.

48.   Arquitectonica's conduct violates the exclusive rights belonging to Sieger Suarez as the owner of the copyrights of the works under 17 U.S.C. § 106.

49.   Arquitectonica willfully engaged in the acts complained of including, but not limited to, infringing Sieger Suarez's copyright by copying its plans and designs, transmitting the plans and designs to third parties and displaying the plans and designs.

50.   Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

WHEREFORE, Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendant, ARQUITECTONICA INTERNATIONAL CORPORATION:

(a)   That Arquitectonica's unauthorized conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

9

(b)     That Arquitectonica, including its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be ordered to return to Sieger Suarez all copies of Sieger Suarez's works in their possession, including images they received;

(c)     That Arquitectonica be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(d)     That Arquitectonica be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(e)     That Sieger Suarez be awarded its statutory damages for Arquitectonica's willful copyright infringement, and/or in the alternative, its actual damages;

(f)     That Sieger Suarez be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against RBD)

51.     Sieger Suarez incorporates the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

52.     Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued on January 30, 2006 (Registration nos. VAu 703-737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632). *See* Exhibit "B".

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133
{00093411.DOCX }

53.    17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural and pictorial works.

54.    Arquitectonica copied original elements of Sieger Suarez's plans and designs for Regalia, transmitted the infringing plans and designs to third parties, and displayed the infringing plans and designs.

55.    Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or to display its copyrighted works.

56.    RBD induced, caused or materially contributed to Arquitectonica's infringing conduct.

57.    RBD knew or should have known of Arquitectonica's infringement of Sieger Suarez's copyrights for its designs and drawings for Regalia.

58.    RBD willfully engaged in the acts complained of herein.

59.    Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

60.    The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000. Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to RBD's profits from Regalia.

WHEREFORE, Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendant, REGALIA BEACH DEVELOPERS, LLC:

(a)    That RBD's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00093411.DOCX }

(b)     That RBD, including its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That RBD be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for RBD's willful copyright infringement, and/or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded RBD's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT
### (Against RBD)

61.     Sieger Suarez incorporates the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

62.     Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued on January 30, 2006 (Registration nos. VAu 703-737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632). *See* Exhibit "B".

12

63.     17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural and pictorial works.

64.     Arquitectonica copied original elements of Sieger Suarez's plans and designs for Regalia, transmitted the infringing plans and designs to third parties, and displayed the infringing plans and designs.

65.     Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or to display its copyrighted works.

66.     RBD has the right and ability to supervise Arquitectonica, as the direct infringer of Sieger Suarez's copyrights, even if RBD initially lacked knowledge of the infringement.

67.     RBD, as the developer of the Project, is profiting from Arquitectonica's infringement of Sieger Suarez's copyrights.

68.     RBD willfully engaged in the acts complained of herein.

69.     Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

70.     The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000.  Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to RBD's profits from Regalia.

WHEREFORE, Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendant, REGALIA BEACH DEVELOPERS, LLC:

(a)     That RBD's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

13

{00093411.DOCX }

(b)     That RBD, including its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That RBD be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for RBD's willful copyright infringement, or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded RBD's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Regalia Holdings, LLC and Murphy)

71.     Sieger Suarez incorporates herein by reference the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

72.     Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued in on January 30, 2006 and July 25, 2006.  *See* Exhibit "B".

73.     17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural and pictorial works.

14

74.     Arquitectonica copied original elements of Sieger Suarez's plans and designs for Regalia, transmitted the infringing plans and designs to third parties, and displayed the infringing plans and designs.

75.     Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or display its copyrighted works.

76.     Regalia Holdings and Murphy induced, caused or materially contributed to Arquitectonica's infringing conduct.

77.     Regalia Holdings and Murphy knew or should have known of Arquitectonica's infringement of Sieger Suarez's copyrights for its architectural designs and drawings for Regalia.

78.     Regalia Holdings and Murphy willfully engaged in the acts complained of herein.

79.     Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

80.     The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000.   Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to Regalia Holdings, LLC's and Murphy's gross profits from Regalia.

WHEREFORE,     Plaintiff,     THE     SIEGER     SUAREZ     ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendants, REGALIA HOLDINGS, LLC and PAUL MURPHY:

(a)     That Regalia Holdings, LLC's and Paul Murphy's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

(b)     That Regalia Holdings and Murphy, including their agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with them, be prohibited from making any additional unauthorized copies of Sieger

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133
{00093411.DOCX }

Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That Regalia Holdings and Paul Murphy be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for Regalia Holdings, LLC's and Paul Murphy's willful copyright infringement, or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded Regalia Holdings, LLC's and Paul Murphy's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT V –VICARIOUS COPYRIGHT INFRINGEMENT
### (Against Regalia Holdings, LLC and Murphy)

81.     Sieger Suarez incorporates the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

82.     Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued on January 30, 2006 and July 25, 2006.  *See* Exhibit "B".

83.     17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural works.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 • COCONUT GROVE, FLORIDA 33133

84.     Arquitectonica copied original elements of Sieger Suarez's plans and designs for Regalia, transmitted the infringing plans and designs to third parties, and displayed the infringing plans and designs.

85.     Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or to display its copyrighted works.

86.     Regalia Holdings and Murphy had or have the right and ability to supervise Arquitectonica, as the direct infringer of Sieger Suarez's copyrights, even if Regalia Holdings and Murphy initially lacked knowledge of the infringement.

87.     Regalia Holdings, as a developer of the Project, is profiting or has profited from Arquitectonica's infringement of Sieger Suarez's copyrights.

88.     Murphy, who has an ownership or profit interest in the Project, is profiting or has profited from Arquitectonica's infringement of Sieger Suarez's copyrights.

89.     Regalia Holdings and Murphy willfully engaged in the acts complained of herein.

90.     Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

91.     The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000.  Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to Regalia Holdings, LLC's and Murphy's profits from Regalia.

WHEREFORE,   Plaintiff,   THE   SIEGER   SUAREZ   ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendants, REGALIA HOLDINGS, LLC and PAUL MURPHY:

(a)     That Regalia Holdings, LLC's and Paul Murphy's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00093411.DOCX }

(b)     That Regalia Holdings, LLC and Paul Murphy, including their agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with them, be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That Regalia Holdings, LLC and Paul Murphy be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for Regalia Holdings, LLC's and Paul Murphy's willful copyright infringement, or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded Regalia Holdings, LLC's and Paul Murphy's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT VI – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against GBD)

92.     Sieger Suarez incorporates herein by reference the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

93.     Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued on January 30, 2006 (Registration nos. VAu 703-

{00093411.DOCX }

737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632). *See* Exhibit "B".

94.    17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural and pictorial works.

95.    Arquitectonica copied original elements of Sieger Suarez's plans, design and drawings for Regalia.

96.    Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or display its copyrighted works.

97.    GBD induced, caused or materially contributed to Arquitectonica's infringing conduct.

98.    GBD knew or should have known of Arquitectonica's infringement of Sieger Suarez's copyrights for its architectural designs and drawings for Regalia.

99.    GBD willfully engaged in the acts complained of herein.

100.   Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

101.   The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000. Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to GBD's gross profits from Regalia.

WHEREFORE, Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendant, GOLDEN BEACH DEVELOPERS, LLC:

(a)    That GBD's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

{00093411.DOCX }

(b)     That GBD, including its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That GBD be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for GBD's willful copyright infringement, and/or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded GBD's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## COUNT VII – VICARIOUS COPYRIGHT INFRINGEMENT
### (Against GBD)

102.    Sieger Suarez incorporates the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

103.    Sieger Suarez owns a valid copyright for its architectural and technical works for Regalia.  Copyright registrations were issued on January 30, 2006 (Registration nos. VAu 703-737 and VAu 708-961) and July 25, 2006 (Registration nos. VAu 705-629 and VAu 705-632). *See* Exhibit "B".

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133
{00093411.DOCX }

104.   17 U.S.C. §102(a) provides copyright protection for "original works of authorship" including architectural works.

105.   Arquitectonica copied original elements of Sieger Suarez's plans and designs for Regalia, transmitted the infringing plans and designs to third parties, and displayed the infringing plans and designs.

106.   Sieger Suarez did not authorize Arquitectonica to use its copyrighted works, to create and distribute derivative works or to display its copyrighted works.

107.   GBD had or has the right and ability to supervise Arquitectonica, as the direct infringer of Sieger Suarez's copyrights, even if GBD initially lacked knowledge of the infringement.

108.   GBD, as the owner of the real property upon which Regalia is being constructed, is profiting or has profited from Arquitectonica's infringement of Sieger Suarez's copyrights.

109.   GBD willfully engaged in the acts complained of herein.

110.   Sieger Suarez is entitled to statutory damages under 17 U.S.C. §§ 504(c)(2) and 505, and/or in the alternative, its actual damages.

111.   The amount of profits from the sale of units in Regalia is expected to exceed $70,000,000.  Pursuant to 17 U.S.C. §§ 504(b), Sieger Suarez is also entitled to GBD's profits from Regalia.

WHEREFORE, Plaintiff, THE SIEGER SUAREZ ARCHITECTURAL PARTNERSHIP, INC., prays this Court to grant the following relief against Defendant, GOLDEN BEACH DEVELOPERS, LLC:

(a)   That GBD's conduct be declared as violating Sieger Suarez's rights under the Federal Copyright Act;

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133
{00093411.DOCX }

(b)     That GBD, including its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be prohibited from making any additional unauthorized copies of Sieger Suarez's works, and from otherwise infringing Sieger Suarez's copyrights in said works;

(c)     That GBD be ordered to file, within thirty (30) days of the entry of judgment, a sworn report setting forth in detail the manner in which they have complied with the conditions herein;

(d)     That Sieger Suarez be awarded its statutory damages for GBD's willful copyright infringement, and/or in the alternative, its actual damages;

(e)     That Sieger Suarez be awarded GBD's gross profits from the sale of units in Regalia;

(f)     That Sieger Suarez be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(g)     That Sieger Suarez be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00093411.DOCX }

Signed on this 31 st day of May, 2013.

Respectfully submitted,

HELLER WALDMAN, P.L.
*Attorneys for The Sieger Suarez*
*Architectural Partnership, Inc.*
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone: (305) 448-4144
Telecopier: (305) 448-4155

By: _____
    Glen H. Waldman, Esq.
    Fla. Bar No. 618624
    Jason Gordon, Esq.
    Fla. Bar No. 0012973

{00093411.DOCX }